UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY HOWARD,

      Petitioner,

v.                                     Case No. 2:16-cv-28
                                      HON. GORDON J. QUIST

SHANE PLACE,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

      Petitioner Larry Howard filed this petition for writ of habeas corpus challenging his conviction after a November 4, 2013, no contest plea for criminal sexual conduct and assault of a prison employee. Petitioner was sentenced on December 9, 2013, to consecutive terms of imprisonment of 10 years 5 months to 22 ½ years for the criminal sexual conduct conviction and 3 ½ years to 7 ½ years for the assault of a prison employee conviction. Petitioner never appealed his convictions. Respondent has filed a motion to dismiss on the ground that the petition was not filed within the applicable one year statute of limitations period under 28 U.S.C. § 2244, and that Petitioner has never exhausted any of his claims in the State court system (ECF No. 41). Petitioner has responded by arguing that equitable tolling should apply. Petitioner requests summary judgment (ECF No. 43).

      Petitioner's amended petition raises a claim of "[a]buse of judicial discretion in favor of a gross racial conspiracy to torture" (ECF No. 19, PageID.133), violations of the Fifth and Sixth Amendments (PageID.134), that he is in custody in violation of the Constitution and laws of

the United States (PageID.136), and that he should be allowed to withdraw his plea and enter a new plea of not guilty by reason of insanity (PageID.137).

Petitioner's application was filed beyond the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on December 9, 2013. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had **six months** until June 9, 2014, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3) (Effective September 1, 2011, the time for filing a delayed application for leave to appeal to the Michigan Court of Appeals is 6 months (previously one year). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205 expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Petitioner had until June 9, 2015, to file a timely petition in this court, or seek collateral review which would toll the limitations period. Petitioner filed this

3

application for habeas relief dated January 28, 2016, on February 4, 2016.  The petition was filed outside the applicable limitations period.

Nevertheless, Petitioner argues that equitable tolling should apply and his petition should be considered timely.   The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See Hall v. Warden, Labanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, slip op. at 7; *Akrawi*, 572 F.3d at 260.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)

4

("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F.Supp.2d 1246, 1254 (C.D. Cal.1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner makes a conclusory assertion that he suffers with a mental illness. However, Petitioner fails to allege any specific facts relating to his supposed mental illness. In *Ata v. Scutt*, 662 F.3d 736, 741-42 (6th Cir. 2011), the Sixth Circuit held that mental incompetence may be an extraordinary circumstance within the meaning of *Holland*, 560 U.S. at 645. To prove mental incompetence that would toll the statute of limitations, a petitioner must demonstrate that (1) he is mentally incompetent, and (2) his incompetence caused his failure to comply with the AEDPA statute of limitations. *Id.* at 742. "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Ata*, 662 F.3d at 742. In addition, the court applied the standard set forth in *Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007), to determine whether the petitioner has made a sufficient showing to warrant an evidentiary hearing. An evidentiary hearing is only required when the petitioner's allegations are sufficient to support equitable tolling and the assertions are not refuted by the record or otherwise without merit. *Id*. Where a petitioner fails to present evidence that his mental incompetence caused an untimely filing, it is proper to deny equitable tolling based upon a claim of mental illness. *Watkins v. DeAngelo-Kipp*, No. 15-2445, slip op. at 7-10 (6th Cir. Jan. 10, 2017)(citing *Kitchen v. Bauman*, 629 F. App'x 743 (6th Cir. 2015) (same).

Petitioner was found competent to stand trial in the state court and his claim of legal insanity was not supported. (Appendix A, ECF No. 41, PageID.206). In the opinion of the undersigned, Petitioner has failed to present any evidence which could support his argument that his mental illness caused his failure to appeal his convictions after he pleaded no contest.

In addition, Petitioner argues that he is entitled to equitable tolling of the statute of limitations because he is actually innocent of the offense. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

6

In summary, it is recommended that the Court grant Respondent's motion to dismiss (ECF No. 41) and deny Petitioner's motion for summary judgment (ECF No. 43). In the opinion of the undersigned, Petitioner's claims are untimely and therefore it is recommended that this Court dismiss the petition.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application as filed outside the statute of limitations period. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on statute of limitations grounds.

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      March 27, 2017              /s/ Timothy P. Greeley
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE