UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY HOWARD,

   Petitioner,

v.

             File No. 2:16-cv-28

SHANE PLACE,

             HON. GORDON J. QUIST

   Respondent.
             /

## ORDER

  This is an action for habeas corpus relief under 28 U.S.C. § 2254. On March 27, 2017, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the Court grant Respondent's motion to dismiss because the petition is untimely. (ECF No. 45.) The R&R also recommends denying a certificate of appealability. This matter is before the Court on Petitioner's objections to the R&R. (ECF No. 47.)

  This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

  In his objections, Petitioner apparently contends that he thought that filing a motion for relief from judgment would reset the one-year limitations period, even though that period had already run.

As the R&R noted, however, ignorance of the law is not sufficient to avoid the statute of limitations. (R&R 4, ECF No. 45.)

In addition, the Court agrees with the magistrate judge that Petitioner does not qualify for equitable tolling because he has not established diligence in pursuing his rights and that extraordinary circumstances stood in his way. As to extraordinary circumstances, Petitioner asserts that he has a mental illness and access to limited legal supplies. However, the Court notes that Petitioner's limitations did not prevent him from filing numerous civil rights actions during the period in which he could have filed a timely petition. *See, e.g.*, *Howard v. United States*, No. 2:13-cv-340 (W.D. Mich.) (filed Oct. 31, 2013); *Howard v. United States*; No. 2:14-cv-99 (W.D. Mich.) (filed Apr. 28, 2014); *Howard v. Woods*, No. 2:14-cv-126 (W.D. Mich.) (filed June 6, 2014); *Howard v. Horton*, No. 2:14-cv-127 (W.D. Mich.) (filed June 6, 2014); *Howard v. Horton*, No. 2:14-cv-182 (W.D. Mich.) (filed Sept. 2, 2014). If he was able to file these cases, then he could have filed a petition under § 2254.

Regarding the actual-innocence exception to the statute of limitations, the Court agrees with the magistrate judge that Petitioner has not submitted any evidence of innocence. In short, the Court discerns no error in the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (ECF No.47) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 45) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss (ECF No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for summary judgment (ECF No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A judgment will enter in accordance with this order.


Dated: May 10, 2017                                         /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE